UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK BRYANT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FISHER INVESTMENTS, INC.,<br><br>　　　　　　Defendant. | CASE NO. C21-5262JLR<br><br>ORDER DENYING MOTION TO SET PHASED DISCOVERY SCHEDULE |

Before the court is Defendant Fisher Investments, Inc.'s ("Fisher") motion to set a phased discovery schedule in this proposed class action. (Mot. (Dkt. # 20); *see also* Reply (Dkt. # 26).) Plaintiff Mark Bryant opposes Fisher's motion. (Resp. (Dkt. # 25).) The court has considered the motion, all submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Fisher's motion to set a phased discovery schedule.

On May 18, 2021, the court set a deadline of September 6, 2021, for completion of discovery on class certification and an October 6, 2021 deadline for Mr. Bryant to file a

ORDER - 1

motion for class certification. (Sched. Order (Dkt. # 11).) Fisher now moves the court to bifurcate discovery on Mr. Bryant's individual claims and class claims. (*See* Mot. at 2.) It contends that the court should bifurcate individual and class discovery because Mr. Bryant's individual claims are "entirely meritless." (*See id.*) Fisher asks the court to set the deadline to complete individual discovery 90 days after entry of its order on the instant motion; for Fisher to file a dispositive motion on Mr. Bryant's individual claims 120 days after entry of the order; and for the parties to propose a schedule for resolving any remaining issues ten days after the court rules on Fisher's dispositive motion. (*See id.* at 14.) Mr. Bryant counters that bifurcation of discovery will delay the resolution of this case and will increase litigation costs. (*See generally* Resp.)

The court issues scheduling orders to provide a reasonable schedule for the resolution of disputes. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); (Sched. Order at 2 ("The dates set in this scheduling order are firm dates that can be changed only by order of the court . . . . The court will alter these dates only upon good cause shown.").) Here, Fisher's argument, in essence, is that the court should grant its motion to bifurcate individual and class discovery (and to extend the deadlines for discovery) because it believes it will win a motion for summary judgment on Mr. Bryant's individual claims. (*See generally* Mot.) A motion to amend a schedule, however, is not the proper vehicle for arguing the merits of a case. Moreover, to the extent Fisher complains that the parties are engaged in discovery disputes, the court has made clear that "a failure to complete discovery will not ordinarily constitute good

1  cause." (Sched. Order at 2.)  The court finds that Fisher has not established good cause
2  that would justify modification of the court's schedule.  Accordingly, the court DENIES
3  Fisher's motion to set a phased discovery schedule (Dkt. # 20).

Dated this 9th day of August, 2021.

*[signature]*

JAMES L. ROBART
United States District Judge